**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SEARS HOME APPLIANCE SHOWROOMS, LLC and SEARS AUTHORIZED HOMETOWN STORES, LLC,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. 1:17-cv-00396** |
| **CANYON SPRING HOLDINGS, INC., GREEN CANYON HOLDINGS I, INC., GREEN CANYON HOLDINGS II, INC., MICHAEL ANGELAKOS, and GLENN SUROWIEC,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DAMAGES

Plaintiffs Sears Home Appliance Showrooms, LLC and Sears Authorized Hometown Stores, LLC, by their attorneys and for their Complaint for Damages against defendants Canyon Spring Holdings, Inc., Green Canyon Holdings I, Inc., Green Canyon Holdings II, Inc., Michael Angelakos, and Glenn Surowiec state as follows:

## PARTIES

1.      Plaintiff Sears Home Appliance Showrooms, LLC ("SHAS") is a Delaware limited liability company with its principal place of business in Hoffman Estates, Illinois. None of SHAS's members is a citizen or resident of Pennsylvania or Connecticut.

2.      Plaintiff Sears Authorized Hometown Stores, LLC ("SAHS") is a Delaware limited liability company with its principal place of business in Hoffman Estates, Illinois. None of SAHS's members is a citizen or resident of Pennsylvania or Connecticut.

1

3.    Defendant Canyon Spring Holdings, Inc. ("Canyon Spring") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

4.    Defendant Green Canyon Holdings I, Inc. ("Green Canyon I") is a Connecticut corporation with its principal place of business in Pennsylvania.

5.    Defendant Green Canyon Holdings II, Inc. ("Green Canyon II") is a Connecticut corporation with its principal place of business in Pennsylvania.

6.    Defendant Michael Angelakos is a citizen and resident of Pennsylvania.

7.    Defendant Glenn Surowiec is a citizen and resident of Pennsylvania.

## JURISDICTION AND VENUE

8.    The Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332 in that this is a civil action between citizens of different States where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.    The Court has personal jurisdiction over defendants because they consented to the Court's personal jurisdiction in each of the several agreements referenced below.

10.    Venue is proper in this judicial district because the parties agreed in each of the several agreements referenced below that any litigation involving the claims asserted herein would be brought in this Court.

## THE INSTRUMENTS AT ISSUE

11.    On August 10, 2012 SHAS, as franchisor, and Green Canyon I, as franchisee, entered into a written franchise agreement (the "Franchise Agreement") for the operation by Green Canyon I of a franchised Sears Appliance & Hardware Store in Shelton, Connecticut for a ten year term.

12.     Angelakos and Surowiec personally and unconditionally guaranteed in writing all of Green Canyon I's payment and performance obligations under the Franchise Agreement, and each agreed to be personally bound by and liable for the breach of each and every provision of the agreement.

13.     Under the Franchise Agreement Green Canyon I agreed (and Angelakos and Surowiec guaranteed) to operate its franchised Sears Appliance & Hardware Store for the Franchise Agreement's full ten year term. Green Canyon I also made (and Angelakos and Surowiec personally assumed) certain commitments and promises respecting actions and activities it (and they) would perform and desist from doing upon termination of the Franchise Agreement for any reason (the "Post-Term Covenants").

14.     On October 11, 2012 Green Canyon I subleased from SAHS the premises at which its franchised Sears Appliance & Hardware Store was located. Under that written sublease Green Canyon I was responsible for payment of all CAM charges, including tax liabilities, associated with the store premises.

15.     On August 10, 2012 Green Canyon II subleased from SAHS the premises at which another franchised Sears Appliance & Hardware Store owned by it in Windham, Connecticut was located. Under that written sublease Green Canyon II was responsible for payment of all CAM charges, including tax liabilities, associated with the store premises.

16.     As of August 1, 2016 both Green Canyon I and Green Canyon II were in default of their respective subleases because they had accrued unpaid tax liabilities totaling $382,041.

17.     As an accommodation to them SAHS agreed to a restructured payment plan for the unpaid tax liabilities (the "Waiver and Repayment Agreement"). As a condition to the restructuring plan, Green Canyon I was required to execute, and did execute, a promissory note

3

(the "Tax Note") payable to SAHS in the principal amount of $149,750. Canyon Spring unconditionally guaranteed in writing all of Green Canyon I's obligations under the Tax Note.

18.     The Waiver and Repayment Agreement provided that, in the event of a breach of any agreement between Canyon Spring, Green Canyon I, Green Canyon II, or any of their affiliates, on the one hand, and SAHS or any of its affiliates, on the other hand, the full amount of the unpaid tax liabilities would become immediately due and payable.

19.     On December 22, 2015 Canyon Spring executed an Amended & Restated Secured Promissory Note payable to SAHS in the principal amount of $637,914. This promissory note restructured the debt Canyon Spring incurred in connection with its acquisition of the assets of, among others, the franchised Sears Appliance & Hardware Stores operated by Green Canyon I and Green Canyon II in Shelton and Windham, Connecticut.

## DEFENDANTS' BREACHES OF EACH INSTRUMENT

20.     As of December 31, 2016 Green Canyon I abandoned its franchised Sears Appliance & Hardware store in violation of the terms of the Franchise Agreement. The abandonment constitutes a material breach of the Franchise Agreement by Green Canyon I and a breach by Angelakos and Surowiec of their written guarantees.

21.     By written notice dated January 4, 2017 SHAS terminated the Franchise Agreement for cause based on Green Canyon I's material breach. The termination is effective thirty days from Green Canyon I's receipt on January 5, 2017 of the termination notice.

22.     Green Canyon I also breached its sublease for the Shelton, Connecticut store location by abandoning the premises and failing to pay rent when due under that agreement.

23.     Under the terms of the Waiver and Repayment Agreement Green Canyon I's breaches of the Franchise Agreement and its sublease for the Shelton store premises reinstated

4

Green Canyon I's and Green Canyon II's liability for the part of the tax liabilities under the subleases that SAHS had waived under the Waiver and Repayment Agreement.

24.     Green Canyon I also defaulted on the Tax Note by failing to make payments due and owing under it. Canyon Spring breached its guaranty of the Tax Note by failing to make the payments due under that note.

25.     Canyon Spring is also in default of the Amended & Restated Secured Promissory Note, having failed to make payments due and owing under it in timely fashion.

26.     SHAS and SAHS have performed all of their own obligations under each of the agreements discussed above.

## COUNT I
## BREACH OF THE FRANCHISE AGREEMENT

27.     SHAS repeats and realleges ¶¶ 1 through 26 of the Complaint for Damages as and for ¶ 27 of this Count I as if fully set forth herein.

28.     Green Canyon I's abandonment of its franchised Sears Appliance & Hardware Store constitutes a material breach of that agreement.

29.     As a direct and proximate result of Green Canyon I's breach, SHAS has sustained substantial damages, including, without limitation, lost future profits.

30.     Moreover, in the event Green Canyon I fails to perform its Post-Term Covenants upon termination of the Franchise Agreement, SHAS will sustain irreparable harm for which it has no adequate legal remedy.

## COUNT II
## BREACH OF GUARANTY

31.     SHAS repeats and realleges ¶¶ 1 through 30 of the Complaint for Damages as and for ¶ 31 of this Count II as if fully set forth herein.

5

32.     Angelakos' and Surowiec's abandonment of Green Canyon I's franchised Sears Appliance & Hardware Store constitutes a material breach of their guarantees.

33.     As a direct and proximate result of Angelakos' and Surowiec's breaches, SHAS has sustained substantial damages, including, without limitation, lost future profits.

34.     Moreover, in the event Angelakos and Surowiec fail to perform their Post-Term Covenants upon termination of the Franchise Agreement, SHAS will sustain irreparable harm for which it has no adequate legal remedy.

**COUNT III**
**BREACH OF THE SHELTON SUBLEASE**

35.     SAHS repeats and realleges ¶¶ 1 through 26 of the Complaint for Damages as and for ¶ 35 of this Count III as if fully set forth herein.

36.     Green Canyon I breached the Shelton sublease by failing to pay all CAM charges, including tax liabilities, due under that sublease.

37.     Green Canyon I also breached the Shelton sublease by abandoning the location and failing to pay rent.

38.     As a direct and proximate result of Green Canton I's breaches of the Shelton sublease, SAHS has sustained damages in an amount to be proven at trial.

**COUNT IV**
**BREACH OF THE WINDHAM SUBLEASE**

39.     SAHS repeats and realleges ¶¶ 1 through 26 of the Complaint for Damages as and for ¶ 39 of this Count IV as if fully set forth herein.

40.     Green Canyon II breached the Windham sublease by failing to pay all CAM charges, including tax liabilities, due under that sublease.

41.     As a direct and proximate result of Green Canton II's breach of the Windham sublease, SAHS has sustained damages in an amount to be proven at trial.

## COUNT V
## BREACH OF THE TAX NOTE

42.     SAHS repeats and realleges ¶¶ 1 through 26 of the Complaint for Damages as and for ¶ 42 of this Count V as if fully set forth herein.

43.     SAHS pleads this Count V in the alternative and without prejudice to Counts III and IV above.

44.     Green Canyon I breached the Tax Note by failing to make payments due and owing under that promissory note.

45.     As a direct and proximate result of Green Canyon I's breach of the Tax Note, SAHS has sustained damages in an amount to be proven at trial.

## COUNT VI
## BREACH OF THE TAX NOTE GUARANTY

46.     SAHS repeats and realleges ¶¶ 1–26 and 42–45 of the Complaint for Damages as and for ¶ 46 of this Count VI as if fully set forth herein.

47.     SAHS pleads this Count VI in the alternative and without prejudice to Counts III and IV above.

48.     Canyon Spring breached its guaranty of the Tax Note by failing to make payments due and owing under the Tax Note.

49.     As a direct and proximate result of Canyon Spring's breach of its guaranty of the Tax Note, SAHS has sustained damages in an amount to be proven at trial.

## COUNT VII
## BREACH OF THE AMENDED & RESTATED SECURED PROMISSORY NOTE

50.     SAHS repeats and realleges ¶¶ 1 through 26 of the Complaint for Damages as and for ¶ 50 of this Count VII as if fully set forth herein.

51.     Canyon Spring breached the Amended & Restated Secured Promissory Note by failing to make payments due and owing thereunder.

52.     As a direct and proximate result of Canyon Spring's breach of the Amended & Restated Promissory Note SAHS has sustained damages in an amount to be proven at trial.

**WHEREFORE,** SHAS and SAHS demand judgment in their favor and against defendants, jointly and severally, as follows:

A.      Judgment in favor of SHAS and against Green Canyon I for breach of the Franchise Agreement and an award of (1) damages in an amount to be proven at trial and (2) preliminary and permanent injunctive relief enforcing Green Canyon I's Post-Term Covenants;

B.      Judgment in favor of SHAS and against Angelakos and Surowiec, jointly and severally, for breach of their guaranty of the Franchise Agreement and an award of (1) damages in an amount to be proven at trial and (2) preliminary and permanent injunctive relief enforcing Angelakos' and Surowiec's Post-Term Covenants;

C.      Judgment in favor of SAHS and against Green Canyon I for breach of the Shelton sublease and an award of damages in an amount to proven at trial;

D.      Judgment in favor of SAHS and against Green Canyon II for breach of the Windham sublease and an award of damages in an amount to proven at trial;

E.      Judgment in favor of SAHS and against Green Canyon I for breach of the Tax Note and an award of damages in an amount to be proven at trial;

8

F.      Judgment in favor of SAHS and against Canyon Spring for breach of its guaranty of the Tax Note and an award of damages in an amount to be proven at trial;

G.      Judgment in favor of SAHS and against Canyon Spring for breach of the Amended & Restated Secured Promissory Note and an award of damages in an amount to be proven at trial;

H.      Judgment in favor of SHAS and SAHS and against each defendant, jointly and severally, awarding them the attorneys' fees and costs they have incurred in connection with this lawsuit; and

I.      Such other and further relief as the Court deems just and equitable.

Dated:  January 18, 2017                 **SEARS HOME APPLIANCE**
                                          **SHOWROOMS, LLC and**
                                          **SEARS AUTHORIZED HOMETOWN**
                                          **STORES, LLC,**


                                          By: /s/ Fredric A. Cohen_____
                                                  One of their Attorneys


Fredric A. Cohen (IL #6198606)
Allison R. Grow (IL #6303430)
**CHENG COHEN LLC**
311 N. Aberdeen Street, Suite 400
Chicago, Illinois 60607
Telephone:  (312) 243-1701
fredric.cohen@chengcohen.com
allison.grow@chengcohen.com